## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STATE OF GEORGIA,

    Plaintiff,

  v.           1:15-cv-4138-WSD

BYRON KAREEM COAST and
MIGUEL URIOSTEGUI,

     Defendants.

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Byron

Kareem Coast's Notice of Removal [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

On November 25, 2015, Coast, *pro se*, filed his application for leave to

proceed *in forma pauperis* [1].  On December 2, 2015, Magistrate Judge Janet F.

King approved Coast's *in forma pauperis* application, and forwarded his Notice of

Removal to the Court for the required frivolity review pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

In his Notice of Removal, it appears Coast is attempting to remove to this

Court a state court criminal case in the Douglas Superior Court, Case No. 15-CR-

151, in which Coast is charged with identity fraud, possession of marijuana with

intent to distribute, forgery, and giving false name and date of birth.  (Notice of Removal at 11).

## II.   DISCUSSION

A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

B.    Analysis

Under Chapter 89 of Title 28, certain state criminal prosecutions may be removed to federal district court.  28 U.S.C. §§ 1443, 1455.  Removal is allowed for a criminal prosecution commenced in State court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U.S.C. § 1443(1).  Under § 1443(1), a removal petition "must satisfy a two-pronged test."  Johnson v. Mississippi, 421 U.S. 213, 219 (1975); see also Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009); Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001).  First, a petitioner must show the deprivation of a right that "arises under a federal law 'providing for

specific civil rights stated in terms of racial equality.'" Johnson, 421 U.S. at 219

(quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  Second, the deprivation

generally must "be manifest in a formal expression of state law."  Id. at 219-20

(quoting Rachel, 384 U.S. at 803) (internal quotation marks omitted) (giving as an

example a trespassing law that made it a crime for an African American to exercise

his right to seek service in a public restaurant). Thus, Section 1443 protects against

state prosecution for exercising a federal civil right to racial equality.  Rachel, 384

U.S. at 792-93.  The removing party carries the burden of showing that removal

under Section 1443 is proper.  Kirkland v. Midland Mortg. Co., 243 F.3d 1277,

1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who

sought removal to demonstrate that federal jurisdiction exists.").  "If it clearly

appears on the face of the notice and any exhibits annexed thereto that removal

should not be permitted, the court shall make an order for summary remand."  28

U.S.C. § 1455(b)(4).

    Plaintiff does not allege that he is being prosecuted for exercising a federally

protected civil right to racial equality or that a formal expression of state law has

deprived him of a federally protected right to racial equality.  Accordingly,

removal of the Georgia criminal action against Coast is not permitted.  The Court

lacks any other basis for jurisdiction, and this action is remanded pursuant to 28

U.S.C. § 1455(b)(4).

**III.    CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** pursuant to

28 U.S.C. § 1455(b)(4).


**SO ORDERED** this 1st day of April, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

5